Matter of Spencer-Cedeno v Zucker (2018 NY Slip Op 03488)





Matter of Spencer-Cedeno v Zucker


2018 NY Slip Op 03488


Decided on May 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018

Richter, J.P., Andrias, Webber, Gesmer, Moulton, JJ.


6567 452521/16

[*1]In re Rebecca Spencer-Cedeno, Petitioner,
v
Howard Zucker, etc., et al., Respondents.


The Bronx Defenders, Bronx (Megan K. O'Byrne of counsel), for petitioner.
Eric T. Schneiderman, Attorney General, New York (Seth M. Rokosky of counsel), for respondents.



Determination of respondent New York State Department of Health, dated September 1, 2016, which upheld a determination of respondent New York State Office for People With Developmental Disabilities that petitioner failed to demonstrate that prior to age 22, she suffered from an intellectual disability that constituted a substantial handicap, unanimously annulled, on the law and the facts, without costs, the petition granted and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Manuel J. Mendez, J.], entered May 12, 2017), remanded to respondents to process petitioner's application for Medicaid-based services.
In order to obtain Medicaid-reimbursed home and community based services, an applicant must demonstrate that he or she suffers from a "developmental disability." An "intellectual disability" that originated before age 22, is expected to continue indefinitely, and constitutes a "substantial handicap" to the person's ability to function normally in society, is a qualifying condition (Mental Hygiene Law § 1.03[22] [a][1], [b], [c] and [d]). The American Psychiatric Association Diagnostic and Statistical Manual of Mental Disorders (5th ed 2013) (Manual) defines "intellectual disability" as a disorder characterized by, inter alia, (1) general deficits in areas such as reasoning, problem solving and abstract thinking and (2) deficits in adaptive functioning, such as how well the person meets community standards of personal independence and social responsibility as compared to others of similar age and social responsibility. The term "intellectual disability" replaced the term "mental retardation."
Here, respondent's determination is not supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights , 45 NY2d 176, 180-181 [1978]). Rather, the record demonstrates that petitioner met the qualifications as all of the evaluations that were performed before petitioner was 22 years old demonstrated an I.Q. below 70, which was the rough cut off for normal intellectual function. Deficits in her adaptive functioning were also noted repeatedly over the years. Moreover, it was entirely speculative to opine that petitioner's I.Q. would have been higher but for co-occurring conditions.
Furthermore, it appears from the record that the Administrative Law Judge was confused by the change in nomenclature for petitioner's qualifying developmental condition.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 15, 2018
CLERK